The People ex rel. The Edison Electric Illuminating Company of New York, Appellant, *v.* Edward Wemple, Comptroller, etc., Respondent.

Under the provisions of the Corporation Tax Act (Chap. 542, Laws of 1880), added by the amendment of 1889 (Chap. 463, Laws of 1889), giving to the state comptroller power to revise and adjust any account theretofore settled against a corporation for taxes arising under the act, and authorizing a review by certiorari of the action of the comptroller, relief may be given as provided where a tax has been imposed upon and paid by a corporation which was exempt from any taxation under the act.

The fact that the payment was not made under coercion does not deprive the corporation of the relief so granted.

Where a corporation made a report to the comptroller stating facts from which the amount of the illegal tax was ascertained and imposed, *held,* that this did not amount to a stipulation by virtue of which such tax

was paid within the meaning of the section (§ 2) exempting such a case from the application of said provisions.

(Argued February 26, 1894; decided March 6, 1894.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made February 14, 1893, which affirmed the decision of the comptroller of the state and dismissed a writ of certiorari to review a determination made by him denying an application by the relator for the revision and re-settlement of a tax.

The facts, so far as material, are stated in the opinion.

*Eugene H. Lewis* for appellant. During the years 1886, 1887 and 1888 the relator was engaged in business as a manufacturing company within the state, and, as such, was exempt from the payment of taxes for said years. (129 N. Y. 543, 664.) Manufacturing companies were expressly exempted from the tax; in such case the tax is recoverable without specially provided remedies. (*People ex rel.* v. *Wemple*, 129 N. Y. 664; *T. B. I. W. Co.* v. *City of New Orleans*, 44 La. Ann. 554.) The statute provides a remedy for re-settling an account for taxes under the act of 1880, where the same has been illegally paid or so made as to include taxes which could not have been lawfully demanded, and it is that remedy which the relator now asks to have applied. (Laws of 1889, chap. 46, §§ 1, 19, 20; *People ex rel.* v. *Wemple*, 133 N. Y. 617; Cooley on Taxn. 806; *People ex rel.* v. *Otsego County*, 51 N. Y. 401; *Dickey* v. *County of Polk*, 58 Iowa, 287; Code Civ. Pro. § 870; *Richards* v. *Wapello County*, 48 Iowa, 507; Laws of 1880, chap. 542, § 19.)

*T. E. Hancock, Attorney-General*, for respondent. The determination of the comptroller in declining to set aside the tax assessed upon the relator was justified. (*People ex rel.* v. *Wemple*, 129 N. Y. 664; Laws of 1889, chap. 463, § 3; *Diefenthaler* v. *Mayor, etc.*, 111 N. Y. 338; Cooley on Taxn. 567; *J. & B. R. Co.* v. *City of Brooklyn*, 123 N. Y. 380; *Redmond* v. *Mayor, etc.*, 125 id. 632; Dillon on Mun. Corp.

1894.]    People ex rel. E. E. I. Co. *v.* Wemple.    473

N. Y. Rep.]    Opinion of the Court, per Peckham, J.

§ 940; *Peyser* v. *Mayor, etc.,* 70 N. Y. 497; *Phelps* v. *Mayor, etc.,* 112 id. 222; *Brisbane* v. *Dacres,* 5 Taunt. 143; *Silliman* v. *Wing,* 7 Hill, 159; *Preston* v. *Boston,* 12 Pick. 14.) The statute, as amended in 1889, does not change the rule contended for. (Code Civ. Pro. § 2140.)

Peckham, J. The relator was organized under the general law of 1848 (and the various acts amending the same) providing for the formation of gas light companies (Chap. 37 of the Laws of 1848).

Pursuant to the provisions of the law providing for the taxation of certain corporations, the relator annually before Nov. 15, in each of the years 1886, 1887 and 1888, made a report to the comptroller, for the purpose of enabling that officer to make a valuation of the capital stock of the relator, and thus to ascertain the amount of the tax which the company was supposed to be liable to pay. The comptroller did make this valuation, and he ascertained therefrom the amount of the tax upon the relator for each of above-mentioned years, and notice of the amount thus fixed each year was sent by the comptroller to the relator, and the relator then paid the amount so fixed each year into the state treasury, without objection or protest. Subsequently the relator made application to the comptroller for a revision and re-adjustment of these accounts, which application was denied in November, 1890. The relator, considering the action of the comptroller to be erroneous, and believing that it was itself exempt from taxation for those years under the State Corporation Tax Act, because it was a manufacturing corporation, sued out a writ of certiorari to review the action of the comptroller in refusing to re-adjust the accounts mentioned. The General Term upon the return of the writ held that the payments of the relator were voluntary payments, and that, therefore, the relator had no remedy under the statute, and dismissed the writ with costs. The statute under which the relator has proceeded is chapter 463 of the Laws of 1889, which amends the Corporation Act of

1880, as amended in 1881, by adding sections 19 and 20 to the act.

The amendments of 1889 are as follows:

" Sec. 19. The Comptroller may at any time revise and re-adjust any account theretofore settled against any person, association, corporation or joint-stock company, by himself or any preceding Comptroller for taxes arising under this act or the act to which it is an amendment whenever it shall be made to appear by evidence submitted to him that the same has been illegally paid or so made as to include taxes which could not have been lawfully demanded, and shall re-settle the same according to law and the facts and charge or credit as the case may require the difference, if any, resulting from such revision and re-settlement upon the current accounts of such person, association, corporation or joint-stock company.

" Sec. 20. The action of the Comptroller upon any application made to him by any person or corporation for a revision and re-settlement of accounts as provided in this act, may be reviewed, both upon the law and the facts upon certiorari by the Supreme Court at the instance either of the party making such application or of the Attorney-General in the name and in behalf of the People of this State, and for that purpose the Comptroller shall return to such certiorari the accounts and all the evidence submitted to him on such application, and if the original or re-settled accounts shall be found erroneous or illegal by that court, either in point of law or of fact, the said accounts shall be there corrected and re-stated by the said Supreme Court, and from any such determination of the Supreme Court an appeal may be taken by either party to the Court of Appeals as in other cases.

" Sec. 2. None of the provisions of this act shall apply to any taxes heretofore paid by any person or corporation in pursuance of a judgment or order of a court or by virtue of any stipulation."

Under the decisions of this court in 129 N. Y. 543 and 664, the taxation upon the relator for the years above mentioned was illegal. The corporation was not subject to the exaction,

and although it paid the same there was in reality no legal lia-
bility imposed upon it to make the payment. The question
now for us to determine is whether the statute above quoted
gives the relator any remedy whatever.

The learned General Term has held that no relief could be
given under that act because the payments made by relator were
not made under coercion, but were what is termed voluntary
payments, that is, payments which relator made under a claim
from the taxing authorities that the law compelled it so to do.
We think the act provides for just such cases as the relator's.
The comptroller is to revise and re-adjust any account for
taxes whenever, among other things, it shall be made to
appear that the tax has been illegally paid or so made as to
involve taxes which could not have been lawfully demanded.
Here the payment was made in regard to taxes which could
not have been lawfully demanded because as we have held
the corporation was entirely exempt from any taxation under
the Corporation Tax Law as it stood during these years. Lan-
guage cannot as it seems to us be plainer, and we are at a loss
to know when the act would apply if it be not applicable to
such a case as this. The various cases cited by counsel hold-
ing that voluntary payments cannot be recovered back are
not in point where the question is as to the meaning of this
statute. We have no doubt as to what that meaning is, nor
any that it includes such a case as the relator has here proved.

Nor does the case of the relator come within the exception
contained in section 2 of the act of 1889. The payments
were not made in pursuance of a judgment or order of any
court, nor was the report that the relator made in each year
containing facts upon which the amount of the tax was ascer-
tained and imposed, a " stipulation by virtue of which such
tax was paid." We think the relator was entitled to the
relief which it sought. (*People, etc.,* v. *Wemple,* 133 N. Y.
617.)

The determination of the comptroller should be reversed
and the accounts of the relator for the years mentioned
should be revised and re-adjusted by him, and the full

amounts paid by the relator into the treasury of the state with interest should be credited by the comptroller upon the current accounts of the relator as provided for by the act.

For that purpose the order of the General Term quashing the writ of certiorari should be reversed, with costs and further proceedings taken in accordance with this opinion.

All concur.

Order reversed.